Alan C. **HARBERT** and Ruth **Harbert**, Appellants,

v.

Lee Ann **OWEN**, Appellee.

No. 09–89–137 CV.

Court of Appeals of Texas, Beaumont.

June 14, 1990.

Rehearing Denied June 28, 1990.

Bill Richey, Griffin & Matthews, Beaumont, for appellants.

Houston Thompson, Silsbee, for appellee.

## OPINION

BURGESS, Justice.

This is a forcible detainer appeal. In September 1987 Alan C. Harbert and Ruth Harbert ("the Harberts") sold certain real property to Lee Ann Owen ("Owen") by executory contract of sale. Owen defaulted and the Harberts employed an attorney to enforce the contract. In June 1988 the Harberts gave notice of intent to enforce forfeiture and acceleration as required by TEX.PROP.CODE ANN. sec. 5.062 (Vernon 1984).

On July 1, 1988, Owen paid the past due installments at the attorney's office but refused to pay the $500 attorney fee charged for his collection efforts. Owen was informed at the time of payment that it was not accepted in full satisfaction of her obligations under the contract for deed. The Harberts made demand in writing for the $500 attorney fee. On August 3, 1988 they gave notice to vacate.

The Harberts filed a forcible detainer suit in the justice court and obtained a judgment which Owen appealed to the county court. On trial de novo the county judge found Owen was not in default on the day the suit was filed, denied the Harberts restitution of the property, and awarded Owen $500 attorneys fees. The Harberts raise two points of error on appeal.

Point of error one urges "the trial court erred when it held that Owen was not in default at the time that the complaint for forcible detainer was filed." The crux of the dispute is whether the law of this state and the contract between the parties permitted the Harberts to require Owen pay their attorneys fees to cure the default.

Notwithstanding an agreement to the contrary, a purchaser in default under an executory contract of sale for the conveyance of real property used as the purchaser's residence may avoid forfeiture of interest by complying with the terms of the contract within the time provided by statute. TEX.PROP.CODE ANN. sec. 5.063 (Vernon 1984). We hold that the contractual agreement to pay reasonable attorneys fees incurred by reason of the purchaser's default is not rendered unenforceable by Section 5.063. The contract specifically provided for forfeiture in the event of failure to make any of the payments or to perform any of the covenants. It stated the Harberts could charge Owen with their attorneys fees if she went into default. Owen was behind in her monthly payments when the attorney initiated collection efforts. She was informed of the existence and amount of attorneys fees before she paid the past due installments. Thus, Owen failed to cure her default within the statutory period and the Harberts were entitled to declare the contract forfeited. Thus, the appellants were entitled to judgment for possession of the property and recovery of their attorneys fees. Point of error one is sustained. The judgment of the trial court is reversed. Because we sustain this point we do not reach appellants' other point of error.

We must remand to the trial court because it did not find the amount of reasonable attorneys fees for appellants' attorney incurred up to the time they filed the forcible detainer and the amount of additional attorneys fees they are entitled to recover for the prosecution of this suit.

REVERSED AND REMANDED.